J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:      jsstreet@ip-law-hawaii.com

DANE ANDERSON        9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:      dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) ) |
| FOUR SEASONS HOTELS LIMITED, a Canada Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA and/or FOUR SEASONS RESORT HUALALAI; 3900 WA ASSOCIATES, LLC, a Delaware Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA; HUALALAI INVESTORS, LLC, a Delaware Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE | ) ) ) ) ) ) ) ) ) ) ) |

CIVIL NO. 16-00177

(Copyright Infringement)

COMPLAINT FOR COPYRIGHT
INFRINGEMENTS AND DIGITAL
MILLENNIUM COPYRIGHT ACT
VIOLATIONS; EXHIBITS "A"-"E"

CORPORATIONS 1-10; DOE )
PARTNERSHIPS 1-10; and DOE )
ASSOCIATIONS 1-10, )
)
                  Defendants. )
_____ )

## **COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS**

COMES NOW Plaintiffs VINCENT KHOURY TYLOR and

VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law,

and Dane Anderson, Attorney at Law, LLLC, and for their complaint allege as

follows:

## **PARTIES**

1.      Plaintiff VINCENT KHOURY TYLOR is a resident of the

State of Hawaii.

2.      Plaintiff VINCENT SCOTT TYLOR is a resident of the State

of Hawaii.

3.      Upon information and belief, Defendant FOUR SEASONS

HOTELS LIMITED ("Four Seasons") is a corporation registered in the State of

Hawaii and incorporated in Canada, with its principal place of business in Toronto,

Ontario, Canada, and is doing business in the State of Hawaii as FOUR SEASONS

RESORT MAUI AT WAILEA and/or FOUR SEASONS RESORT HUALALAI.

4.      Upon information and belief, Defendant 3900 WA
ASSOCIATES, LLC ("3900 WA") is a limited liability company registered in the
State of Hawaii, and organized in Delaware, with its principal place of business in
Wailea, Hawaii, and is doing business as FOUR SEASONS RESORT MAUI AT
WAILEA.

5.      Upon information and belief, Defendant HUALALAI
INVESTORS, LLC ("Hualalai Investors") is a limited liability company registered
in the State of Hawaii, and organized in Delaware, with its principal place of
business in Kailua Kona, Hawaii.

6.      JOHN DOES 1-10, JANE DOES 1-10, DOE
CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE
ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that,
after investigation of the facts of this action, said Defendants' true names and
identities are presently unknown to Plaintiff VINCENT KHOURY TYLOR and
Plaintiff VINCENT SCOTT TYLOR (collectively referred to as "Plaintiffs")
except, upon information and belief, that they are connected in some manner with
the named Defendants and/or were the agents, servants, employees, employers,
representatives, co-venturers, associates, successors or assignees of the named
Defendants who may be under a duty, contractually or otherwise, to pay Plaintiffs
compensation for loss incurred by the actions or omissions of the named

Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through *inter alia*, interview of Plaintiffs and inspection of the records in this matter.  When the true names and capacities are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

7.     This is an action for preliminary and permanent injunctive relief and damages arising from Four Seasons', 3900 WA's, and Hualalai Investors' (collectively referred to as "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

8.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

9.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

# FACTUAL ALLEGATIONS

10.     Upon information and belief, Four Seasons is doing business in the State of Hawaii as the manager of a hotel located in Wailea, Maui, under the business name FOUR SEASONS RESORT MAUI AT WAILEA (the "Maui Resort"), and as the manager of a hotel located in Kailua Kona, Hawaii, under the business name FOUR SEASONS RESORT HUALALAI (the "Hualalai Resort").

11.     Upon information and belief, 3900 WA is the owner of the Maui Resort, is the operator of the Maui Resort, and/or operates a sales and marketing department for the Maui Resort.

12.     Upon information and belief, Hualalai Investors is the owner of the Hualalai Resort, is the operator of the Hualalai Resort, and/or operates a sales and marketing department for the Hualalai Resort.

13.     Four Seasons is the registrant of the domain fourseasons.com and manages and controls a commercial website at that domain, http://www.fourseasons.com/, where customers can view information on its hotels and resorts and purchase online reservations.

14.     Four Seasons manages and controls a commercial web page within Four Seasons' commercial website, at http://www.fourseasons.com/maui/, where customers can view information on the Maui Resort, purchase online

reservations, or click on hyperlink icons to be directly routed to the social media commercial web page on Pinterest.com for the Maui Resort.

15.     Upon information and belief, Four Seasons and 3900 WA manage(s) and control(s) a commercial web page on Pinterest.com, at https://www.pinterest.com/fsmaui/, entitled "Four Seasons Resort Maui", to advertise and promote the Maui Resort, and to encourage users of that Pinterest.com commercial web page to navigate to, or click on provided hyperlinks to be directly routed to, Four Seasons' commercial website described in paragraph 13.

16.     Upon information and belief, Four Seasons and 3900 WA manage and control a commercial web page on Facebook.com, at https://www.facebook.com/FourSeasonsResortMaui/, entitled "Four Seasons Resort Maui at Wailea," to advertise and promote the Maui Resort, and to encourage users of that Facebook.com commercial web page to navigate to, or click on provided hyperlinks to be directly routed to, Four Seasons' commercial website described in paragraphs 13 and 14.

17.     Four Seasons manages and controls a commercial web page within Four Seasons' commercial website, at http://www.fourseasons.com/hualalai/, where customers can view information on the Hualalai Resort, purchase online reservations, or click on hyperlink icons to be

directly routed to the social media commercial web page on Pinterest.com for the

Hualalai Resort.

18.     Upon information and belief, Four Seasons and Hualalai

Investors manage and control a commercial web page on Pinterest.com, at

https://www.pinterest.com/fshualalai/, entitled "Four Seasons Resort Hualalai," to

advertise and promote the Hualalai Resort, and to encourage users of that

Pinterest.com commercial web page to navigate to Four Seasons' commercial

website, or click on provided hyperlinks to be directly routed to Four Seasons'

commercial website, described in paragraph 13.

19.     Each photographic work at issue in this case is an original work

entitled to copyright protection pursuant to the copyright laws of the United States,

and each photographic work at issue is duly registered with the United States

Copyright Office.

20.     Five (5) photographic works, image nos.: "B-09 Hapuna Beach

South"; "M-18 Turquoise lagoon"; "M-24 Black Beach rocks"; "A-20 Surfer at

Twilight"; and, "A-34 Island Falls", at issue in this case were created by

photographer Plaintiff VINCENT KHOURY TYLOR who owns the copyrights to

those works.  The copyrights for those photographic works at issue were registered

with the United States Copyright Office as 1) VA 1-696-555, effective December

17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011; and,

2) <u>VA 1-696-552</u>, effective December 17, 2009, and supplemented by form <u>VA 1-432-820</u>, effective June 20, 2011, in the name of Plaintiff VINCENT KHOURY TYLOR, who holds the exclusive rights and privileges in those photographic works under the United States Copyright Act.   True and correct copies of the Certificates of Registration that relate to those photographic works at issue are attached hereto as Exhibit "A."

21.    One (1) photographic work, image no.: "Venice Falls, Maui-1", at issue in this case was created by photographer Plaintiff VINCENT SCOTT TYLOR, who owns the copyright to that work.  The copyright for that photographic work at issue was registered with the United States Copyright Office as <u>VA 1-761-524</u>, effective February 8, 2011, in the name of Plaintiff VINCENT SCOTT TYLOR, who holds the exclusive rights and privileges in that photographic work under the United States Copyright Act.  A true and correct copy of the Certificate of Registration that relates to that photographic work at issue is attached hereto as Exhibit "B."

22.     None of the said photographic works was a "work for hire."

23.    Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works for commercial and other uses.

24.     Plaintiff VINCENT KHOURY TYLOR discovered that four (4) of his photographic works at issue were being used at least twelve (12) separate times in high resolution on the Pinterest.com and Facebook.com commercial web pages for the Maui Resort, as follows:

Image "**M-18 Turquoise lagoon**" was used at:

*Page URLs:*
    http://www.pinterest.com/fsmaui/pins/
    http://www.pinterest.com/fsmaui/maui-moments/
    http://www.pinterest.com/pin/196680708699504260/
*Image URL:*
    http://media-cache-
    ec0.pinimg.com/736x/8b/47/d5/8b47d5b904384fdfedbcc89fd475f892.jpg
    (300 x 225 pixels)

Image "**M-24 Black Beach rocks**" was used at:

*Page URLs:*
    http://www.pinterest.com/fsmaui/pins/
    http://www.pinterest.com/fsmaui/maui-moments/
    http://www.pinterest.com/pin/196680708699504299/
*Image URL:*
    http://media-cache-
    ec0.pinimg.com/736x/cf/b9/e1/cfb9e1c637ce40b70e7b868d8fe92c54.jpg
    (590 x 398 pixels)

Image "**A-34 Island Falls**" was used at:

*Page URLs:*
    http://www.pinterest.com/fsmaui/pins/
    http://www.pinterest.com/fsmaui/maui-moments/
    http://www.pinterest.com/pin/196680708699504306/
*Image URL:*
    http://media-cache-
    cd0.pinimg.com/736x/59/30/0a/59300afdd73fdf12cf226f0cce8b2420.jpg
    (736 x 552 pixels)

Image "**A-20 Surfer at Twilight**" was used at:

*Page URLs:*
      http://www.pinterest.com/fsmaui/pins/
      http://www.pinterest.com/fsmaui/ride-the-wave/
      http://www.pinterest.com/pin/196680708700414028/
*Image URL:*
      http://media-cache-
      ec0.pinimg.com/736x/8b/63/c5/8b63c5325db7d9041734d251cea39811.jpg
      (736 x 552 pixels)

Four Seasons and 3900 WA used these photographic works without obtaining

licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his

exclusive rights as the copyright owner to reproduce, adapt, display, distribute,

and/or create derivative works under 17 U.S.C. §§ 101 *et seq.* A true and correct

copy of each of these photographic works registered by Plaintiff VINCENT

KHOURY TYLOR along with copies of screenshots of these infringing uses are

attached hereto as Exhibit "C."

      25.    Plaintiff VINCENT SCOTT TYLOR discovered his one (1)

photographic work at issue was being used at least four (4) separate times in high

resolution on the Pinterest.com and Facebook.com commercial web pages for the

Maui Resort, as follows:

Image "**Venice Falls, Maui-1**" used at:

*Page URLs:*
      http://www.pinterest.com/fsmaui/pins/
      http://www.pinterest.com/fsmaui/maui-moments/
      http://www.pinterest.com/pin/196680708701017487/

https://www.facebook.com/FourSeasonsResortMaui/app_30592771614725
9
*Image URL:*
http://media-cache-
ec0.pinimg.com/736x/c2/29/f1/c229f19222cc13279ba5940e960b35f0.jpg
(736 x 552 pixels)

Four Seasons and 3900 WA used this photographic work without obtaining

licenses or consent from Plaintiff VINCENT SCOTT TYLOR, thus violating his

exclusive rights as the copyright owner to reproduce, adapt, display, distribute,

and/or create derivative works under 17 U.S.C. §§ 101 *et seq.*  A true and correct

copy of this photographic work registered by Plaintiff VINCENT SCOTT TYLOR

along with copies of screenshots of these infringing uses are attached hereto as

Exhibit "D".

26.     Plaintiff VINCENT KHOURY TYLOR discovered that one (1)

of his photographic works at issue was being used at least three (3) separate times

in high resolution on the Pinterest.com commercial web page for the Hualalai

Resort, as follows:

Image "**B-09 Hapuna Beach South**" was used at:

*Page URLs:*
http://www.pinterest.com/fshualalai/pins/
http://www.pinterest.com/fshualalai/island-adventuring/
http://www.pinterest.com/pin/142707881913076717/
*Image URL:*
http://media-cache-
ec0.pinimg.com/736x/2d/f4/cc/2df4cc91768dd9af14d01e7599bf0109.jpg
(618 x 417 pixels)

Four Seasons and Hualalai Investors used this photographic work without

obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus

violating his exclusive rights as the copyright owner to reproduce, adapt, display,

distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq.*  A true

and correct copy of this photographic work registered by Plaintiff VINCENT

KHOURY TYLOR along with a copy of a screenshot of this infringing use are

attached hereto as Exhibit "E."

      27.    Plaintiff VINCENT KHOURY TYLOR's photographic works

at issue, where they are legitimately available, bear his copyright management

information in the form of a "Vincent K. Tylor" signature at the bottom corner of

each photographic work.

      28.    Four Seasons and/or 3900 WA intentionally removed or altered

Plaintiff VINCENT KHOURY TYLOR's copyright management information from

three (3) of his photographic works at issue for the said uses of those photographic

works without his authority or the authority of the law, and/or distributed those

photographic works knowing that Plaintiff VINCENT KHOURY TYLOR's

copyright management information had been removed or altered without his

authority or the law.  Four Seasons and 3900 WA knew that they did not own the

photographic works or had knowledge of Plaintiff VINCENT KHOURY

TYLOR's copyright management information clearly associated with those

photographic works at his licensing website: http://hawaiianphotos.net/.  True and correct copies of Plaintiff VINCENT KHOURY TYLOR's photographic works containing his copyright management information along with copies of screenshots of the infringing uses with his copyright management information cropped are shown in Exhibit "C".

29.     The infringing use of Plaintiff VINCENT KHOURY TYLOR's photographic work "**M-24 Black Beach rocks**" still contained his copyright management information (as shown in Exhibit C, attached hereto), demonstrating a disregard for Plaintiff VINCENT KHOURY TYLOR's notice of copyright and that Four Seasons and/or 3900 WA acted willfully with respect to that copyright infringement, knowing that the uses of that photographic work would constitute copyright infringement.

30.     The infringing use of Plaintiff VINCENT KHOURY TYLOR's photographic work "**B-09 Hapuna Beach South**" still contained his copyright management information and included the words and link "Found on hawaiianphotos.net", which is Plaintiff VINCENT KHOURY TYLOR's licensing source website (as shown in Exhibit E, attached hereto), demonstrating a disregard for Plaintiff VINCENT KHOURY TYLOR's notice of copyright and licensing source and that Four Seasons and/or Hualalai Investors acted willfully with respect

to that copyright infringement, knowing that the uses of that photographic work would constitute copyright infringement.

31.     Defendants' infringing uses of the photographic works at issue on the Pinterest.com commercial web pages, described herein, have contributed to widespread distribution of those infringing uses.  Copies of the uses at issue, when posted, were automatically distributed to their "followers" for viewing and further distribution by those followers.  The Pinterest.com commercial web page for the Maui Resort, described in paragraph 15, has over 2,400 "Followers" to date.  The Pinterest.com commercial web page for the Hualalai Resort, described in paragraph 18, has over 1,900 "Followers" to date.  Furthermore, any user could easily distribute those infringements among other users by clicking on the "Pin it" button or "Like" button associated with those uses as they appeared on the Pinterest.com commercial web pages for the Maui Resort and Hualalai Resort, or users could distribute those infringements among the millions of users of social media website Facebook.com by clicking on the "share" button associated with those uses.  Each "Pin it" or "Like" or "share" click by a user caused those infringements to be distributed to other users or promoted the Maui Resort or Hualalai Resort and their respective Pinterest.com commercial web pages as the origin of the photographic works at issue.

32.     Four Seasons' and 3900 WA's use of Plaintiff VINCENT

SCOTT TYLOR's one (1) photographic work at issue on the Facebook.com commercial web page for the Maui Resort, described in paragraph 16, has contributed to widespread distribution of that photographic work, because users who viewed that Facebook.com commercial web page could easily distribute the posting of that photographic work among other Facebook.com users or promote the Maui Resort by clicking on the "Like" button or "Share" button associated with that photographic work as it appeared on that Facebook.com commercial web page.  Each "Like" or "Share" action by a user caused that infringement to be distributed to other users or promoted that Facebook.com commercial web page or the Maui Resort.  The Facebook.com commercial web page for the Maui Resort has received more than 32,000 "likes" to date.

33.    Plaintiffs and Defendants were unable to resolve this matter, thus necessitating legal action.

### FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENTS

34.    Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-33 as if fully stated herein.

35.    Plaintiffs have all rights, title, and interest in the copyrights to their respective photographic works at issue as holders of the copyrights, the use of which has not been licensed to Defendants.

36.     Defendants misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiffs' copyrighted photographic works by using five (5) of Plaintiff VINCENT KHOURY TYLOR's photographic works a total of at least fifteen (15) separate times and by using one (1) of Plaintiff VINCENT SCOTT TYLOR's photographic works at least four (4) separate times on their commercial web pages as described herein.  Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, for which Defendants are directly, contributorily, and/or vicariously liable, jointly, severally, or in the alternative.

37.     Defendants' unlawful use of copies of Plaintiffs' original photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

38.     Defendants' unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

39.    Because Defendants used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

40.    As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered lost profits and damages.

41.    Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of these wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendants' acts of copyright infringement.

42.    Plaintiffs are further entitled to recover from Defendants any gains, profits, or advantages Defendants obtained as a result of their wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

43.    Plaintiffs are entitled to elect to recover from Defendants statutory damages for each of their violations of Plaintiffs' copyrights.

44.    Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

45.    Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-44 as if fully stated herein.

46.    Four Seasons and/or 3900 WA intentionally removed or altered copyright management information from three (3) of Plaintiff VINCENT KHOURY TYLOR's photographic works for their said uses, or distributed those photographic works at issue knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or altered, without the authority of Plaintiff VINCENT KHOURY TYLOR or the law, knowing, or having reasonable grounds to know, that the removal or alteration, or distribution, would induce, enable, facilitate, or conceal infringement of copyright. These acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for which Four Seasons and 3900 WA are liable jointly, severally, or in the alternative.

47.    Plaintiff VINCENT KHOURY TYLOR is entitled to recover from Four Seasons and 3900 WA the actual damages suffered by him and any profits Four Seasons and 3900 WA have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages.  Plaintiff VINCENT KHOURY TYLOR is currently unable to ascertain the full extent of the

profits Four Seasons and 3900 WA have realized by the violations of 17 U.S.C. § 1202.

48.     Plaintiff VINCENT KHOURY TYLOR is entitled to elect to recover from Four Seasons and 3900 WA statutory damages for each of the violations of 17 U.S.C. § 1202.

49.     Plaintiff VINCENT KHOURY TYLOR is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR pray:

A.     That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiffs' copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.     That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the images, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.      That Defendants be required to pay such damages as Plaintiffs have sustained and any profits Defendants have gained in consequence of Defendants' respective unlawful acts or, in the alternative, to pay statutory damages, pursuant to 17 U.S.C. § 504 and 17 U.S.C. § 1203(c);

D.      That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E.      That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, April 15, 2016.

/s/ J. Stephen Street
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR