GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

RANDALL C. WHATTOFF    9487-0
  rwhattoff@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawai'i  96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendants
FOUR SEASONS HOTELS LIMITED;
3900 WA ASSOCIATES, LLC dba
FOUR SEASONS RESORT MAUI AT WAILEA;
HUALALAI INVESTORS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>FOUR SEASONS HOTELS LIMITED, a Canada Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA and/or FOUR SEASONS RESORT HUALALAI; 3900 WA ASSOCIATES, LLC, a Delaware Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA; HUALALAI INVESTORS, LLC, a Delaware Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE | CV 16-00177 BMK<br><br>DEFENDANTS FOUR SEASONS HOTELS LIMITED; 3900 WA ASSOCIATES, LLC dba FOUR SEASONS RESORT MAUI AT WAILEA; AND HUALALAI INVESTORS, LLC'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; CERTIFICATE OF SERVICE |

| CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, |
| --- |
| Defendants. |

**DEFENDANTS FOUR SEASONS HOTELS LIMITED; 3900 WA ASSOCIATES, LLC DBA FOUR SEASONS RESORT MAUI AT WAILEA; AND HUALALAI INVESTORS, LLC'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS**

Defendants Four Seasons Hotels Limited ("Four Seasons"); 3900 WA Associates, LLC dba Four Seasons Resort Maui at Wailea ("3900 WA"); and Hualalai Investors, LLC ("Hualalai") (collectively "Defendants") answer Plaintiffs Vincent Khoury Tylor and Vincent Scott Tylor's (collectively "Plaintiffs") Complaint for Copyright Infringements and Digital Millennium Copyright Act Violations, filed on April 15, 2016 ("Complaint"), as follows:

**PARTIES**

1. In response to paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

2. In response to paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

3. In response to paragraph 3 of the Complaint, Defendants admit that Four Seasons is a corporation registered to do business in the State of Hawaiʻi and incorporated in Ontario, Canada, with its principal place of business in Toronto, Ontario, Canada. "Four Seasons Resort Maui at Wailea" is the name of the hotel owned by 3900 and managed by Four Seasons. "Four Seasons Resort Hualalai" is the name of the hotel owned by Hualalai and managed by Four Seasons.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

**JURISDICTION AND VENUE**

7. In response to paragraph 7 of the Complaint, Defendants admit that Plaintiffs' Complaint purports to allege violations of 17 U.S.C. §§ 101 *et seq.* and 17 U.S. C. §1202. The remaining allegations in paragraph 7 are denied.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10. In response to paragraph 10 of the Complaint, Defendants admit that Four Seasons is doing business in the State of Hawaiʻi. Four Seasons Resort Maui at Wailea ("FS Maui") is the name of the hotel owned by 3900 WA and managed by Four Seasons in Wailea, Maui. "Four Seasons Resort Hualalai" ("FS Hualalai") is the name of the hotel owned by Hualalai and managed by Four Seasons in Kailua-Kona, Hawaiʻi.

11. In response to paragraph 11 of the Complaint, Defendants admit that 3900 WA is the owner of the FS Maui. The hotel is managed by Four Seasons. The remaining allegations in this paragraph are vague and ambiguous, and on that basis are denied.

12. In response to paragraph 12 of the Complaint, Defendants admit that Hualalai is the owner of FS Hualalai. The hotel is managed by Four Seasons. The remaining allegations in this paragraph are vague and ambiguous, and on that basis are denied.

13. In response to paragraph 13 of the Complaint, Defendants admit that "Four Seasons . . . manages and controls a commercial website at that domain, http://www.fourseasons.com/, where customers can view information on

its hotels and resorts and purchase online reservations." The remaining allegations in this paragraph are vague and ambiguous, and on that basis are denied.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Defendants admit that 3900 WA manages and controls the Pinterest account for [https://www.pinterest.com/fsmaui/](https://www.pinterest.com/fsmaui/), and that the purposes of this Pinterest account are, among other things, to advertise and promote the FS Maui and to encourage individuals to visit the hotel's website. The remaining allegations in this paragraph are vague and ambiguous, and on that basis are denied.

16. In response to paragraph 16 of the Complaint, Defendants admit that 3900 WA manages and controls the Facebook account for [https://www.facebook.com/FourSeasonsResortMaui/](https://www.facebook.com/FourSeasonsResortMaui/), and that the purposes of this Facebook account are, among other things, to advertise and promote the FS Maui and to encourage individuals to visit the hotel's website. The remaining allegations in this paragraph are vague and ambiguous, and on that basis are denied.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, Defendants admit that Hualalai manages and controls the Pinterest account for [https://www.pinterest.com/fshualalai/](https://www.pinterest.com/fshualalai/), and that the purposes of this Pinterest account are, among other things, to advertise and promote the FS Hualalai and to encourage individuals to visit the hotel's website. The remaining allegations in this paragraph are vague and ambiguous, and on that basis are denied.

19. In response to paragraph 19 of the Complaint, the allegations are legal conclusions to which Defendants are not required to respond. To the extent that any response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied. Defendants note that the photographic works appear to be part of a bulk registration containing 60 photographs.

20. In response to paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

21. In response to paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

22. In response to paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

23. In response to paragraph 23 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

24. In response to paragraph 24 of the Complaint, Defendants admit that M-18 Turquoise Lagoon was re-pinned one time on the Pinterest account of FS Maui; M-24 Black Beach Rocks was re-pinned one time on the Pinterest account of FS Maui; A-34 Island Falls was re-pinned one time on the Pinterest account of FS Maui; A-20 Surfer at Twilight was re-pinned one time on the Pinterest account of FS Maui. Defendants deny the allegation that the multiple URLs cited by Plaintiffs for the same pin somehow constituted different images, different infringements, or different uses of the images. Defendants further deny that the images "were being used at least twelve (12) separate times in high resolution." Defendants further deny that any use of these images "violat[ed] [Plaintiffs'] exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et seq." The remaining allegations in this paragraph are denied because they are either legal

conclusions, are vague and ambiguous, or Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

25. In response to paragraph 25 of the Complaint, Defendants admit that Venice Falls, Maui-1 was re-pinned one time on the Pinterest account of FS Maui. Defendants deny the allegation that the multiple URLs cited by Plaintiffs for the same pin somehow constituted different images, different infringements, or different uses of the image. Defendants further deny that the images "were being used at least four (4) separate times in high resolution." Defendants further deny that any use of these images "violat[ed] [Plaintiffs'] exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et seq." The remaining allegations in this paragraph are denied because they are either legal conclusions, are vague and ambiguous, or Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

26. In response to paragraph 26 of the Complaint, Defendants admit that B-09 Hapuna Beach South was re-pinned one time on the Pinterest account of FS Hualalai. Defendants deny the allegation that the multiple URLs cited by Plaintiffs for the same pin somehow constituted different images, different infringements, or different uses of the image. Defendants further deny that the images "were being used at least three (3) separate times in high resolution."

Defendants further deny that any use of these images "violat[ed] [Plaintiffs'] exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et seq." The remaining allegations in this paragraph are denied because they are either legal conclusions, are vague and ambiguous, or Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

27. In response to paragraph 27 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Defendants admit that when M-24 Black Beach Rocks was re-pinned on the FS Maui account, it had a small signature in the bottom right corner. The remaining allegations in this paragraph are denied.

30. In response to paragraph 30 of the Complaint, Defendants admit that when B-09 Hapuna Beach South was re-pinned on the FS Hualalai account, it had a small signature in the bottom right corner. The remaining allegations in this paragraph are denied.

31. In response to paragraph 31 of the Complaint, Defendants admit that the FS Maui Pinterest account <u>currently</u> has approximately 2,400 followers, and the FS Hualalai Pinterest account <u>currently</u> has approximately 1,900 followers. Defendants further admit that the purpose and function of Pinterest is to allow users to pin or re-pin images to image boards. The remaining allegations in this paragraph are denied.

32. In response to paragraph 32 of the Complaint, Defendants admit that the FS Maui Facebook account <u>currently</u> has approximately 32,000 likes. The remaining allegations in this paragraph are denied.

33. Defendants admit that Plaintiffs and Defendants were unable to resolve this matter, but deny the remaining allegations in paragraph 33 of the Complaint.

**FIRST CAUSE OF ACTION:
COPYRIGHT INFRINGEMENT**

34. In response to paragraph 34 the Complaint, Defendants repeat and reallege their answers to paragraphs 1–33.

35. In response to paragraph 35 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied .

36. Defendants deny the allegations of paragraphs 36–44 of the Complaint.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

37. In response to paragraph 45 the Complaint, Defendants repeat and reallege their answers to paragraphs 1–44.

38. Defendants deny the allegations of paragraphs 46–49 of the Complaint.

## PRAYER FOR RELIEF

39. Defendants deny that Plaintiffs are entitled to any of the relief prayed for in the Prayer for Relief.

40. Defendants deny all allegations of the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## Innocent Infringer/Lack of Knowledge

To the extent that there was any copyright infringement or violation of 17 U.S.C. § 1202, such infringement or violation was innocent and done without knowledge.

## THIRD AFFIRMATIVE DEFENSE
## Contributory Negligence

Upon information and belief, if Plaintiffs suffered any of the injuries and/or damages as alleged in the Complaint, such injuries and/or damages were caused in whole or in part or were contributed to by the negligence or fault of Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE
## Wrongful Conduct

Upon information and belief, Plaintiffs are barred from maintaining this action against Defendants by reason of their own wrongful conduct, which caused the injuries alleged in the Complaint to the extent any were actually suffered by Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE
## Unclean Hands

Upon information and belief, Plaintiffs are barred from maintaining this action against Defendants because of the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### Acts or Omissions of Others

Plaintiffs' injuries and/or damages, if any, were proximately caused by acts or omissions of third-parties outside the control of Defendants, and not by the acts or omissions of Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### Fair Use

Plaintiffs' claims are subject to a defense of fair use.

### EIGHTH AFFIRMATIVE DEFENSE
### Indispensable Party

Plaintiffs have failed to join parties that are indispensable under Rule 19 of the Federal Rules of Civil Procedure.

### NINTH AFFIRMATIVE DEFENSE
### *De Minimus* Infringement

Plaintiffs' claims are subject to a defense of *de minimus* infringement.

### TENTH AFFIRMATIVE DEFENSE
### Abandonment/Public Domain

Upon information and belief, Plaintiffs abandoned any copyright inhering in the subject photographs and/or the subject photographs are in the public domain.

### ELEVENTH AFFIRMATIVE DEFENSE
### Misuse of Copyright

Upon information and belief, Plaintiffs are barred from maintaining this action against Defendants because of the doctrine of misuse of copyright.

### TWELFTH AFFIRMATIVE DEFENSE
### Waiver and/or Estoppel

Upon information and belief, Plaintiffs' purported copyrights are unenforceable because of waiver and estoppel or other acts or conduct of Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE
### Mitigation of Damages

Upon information and belief, Plaintiffs failed to mitigate their damages and accordingly may be barred, in whole or in part, from recovery herein.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Laches

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and/or the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Defective Copyright Registration

Upon information and belief, the registrations of the copyrights at issue herein are inapplicable or defective. To the extent that the copyright registrations relied upon by Plaintiffs are inapplicable or defective, this Court lacks jurisdiction over the subject matter of this action.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert additional defenses that may be revealed through investigation, discovery, and or trial. In particular, Defendants note that: (1) the Complaint is couched in conclusory terms, and therefore Defendants cannot fully anticipate all affirmative defenses that may be available to it in this action; and (2) Defendants are still in the process of investigating Plaintiffs' claims and Defendants' defenses. Defendants therefore reserve the right to assert additional defenses if and when they discover such affirmative defenses are applicable.

WHEREFORE, Defendants request that:

A. The Complaint be dismissed with prejudice;

B. Defendants be awarded their costs, expenses, and attorneys' fees; and

C. Defendants have such other and further relief as this Court deems just and equitable.

DATED: Honolulu, Hawaiʻi, May 10, 2016.

/s/ Randall C. Whattoff
RANDALL C. WHATTOFF

Attorney for Defendants
FOUR SEASONS HOTELS LIMITED;
3900 WA ASSOCIATES, LLC dba
FOUR SEASONS RESORT MAUI AT WAILEA;
HUALALAI INVESTORS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>FOUR SEASONS HOTELS LIMITED, a Canada Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA and/or FOUR SEASONS RESORT HUALALAI; 3900 WA ASSOCIATES, LLC, a Delaware Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA; HUALALAI INVESTORS, LLC, a Delaware Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CV 16-00177 BMK<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the following on the date noted below:

5823635.1

**Served Electronically through CM/ECF**

| | |
|---|---|
| J. Stephen Street, Esq. | jsstreet@ip-law-hawaii.com |
| 134 Maono Place | |
| Honolulu, Hawaiʻi   96821 | |
| and | |
| Dane Anderson, Esq. | dane@andersonlawhawaii.com |
| P.O. Box #1621 | |
| Honolulu, Hawaiʻi 96806 | |

Attorneys for Plaintiffs

DATED:  Honolulu, Hawaiʻi, May 10, 2016, 2016.


/s/ Randall C. Whattoff
RANDALL C. WHATTOFF

Attorney for Defendants
FOUR SEASONS HOTELS LIMITED;
3900 WA ASSOCIATES, LLC dba
FOUR SEASONS RESORT MAUI AT WAILEA;
HUALALAI INVESTORS, LLC