COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

RANDALL C. WHATTOFF        9487-0
    rwhattoff@cfhawaii.com
KAMALA S. HAAKE           9515-0
    khaake@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone: (808) 585-9440
Facsimile: (808) 275-3276

Attorneys for Defendants
FOUR SEASONS HOTELS LIMITED,
3900 WA ASSOCIATES, LLC dba
FOUR SEASONS RESORT MAUI AT WAILEA
and HUALALAI INVESTORS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, | CV 16-00177 ACK-RLP |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER; EXHIBIT A |
| vs. | |
| FOUR SEASONS HOTELS LIMITED, a Canada Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA and/or FOUR SEASONS RESORT HUALALAI; 3900 WA ASSOCIATES, LLC, a Delaware Corporation, dba FOUR SEASONS RESORT MAUI AT WAILEA; HUALALAI INVESTORS, LLC, a Delaware Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE | |

CORPORATIONS 1-10; DOE
PARTNERSHIPS 1-10; and DOE
ASSOCIATIONS 1-10,

          Defendants.

## STIPULATED PROTECTIVE ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1.     Any party or non-party may designate as "confidential" (by stamping the relevant page or otherotherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Hawai`i law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.     A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said

responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) parties, class representatives, any officer or employee of a

party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by Defendants or one of their competitors (defined as any hotel or hotel management company with operations in Hawai'i), the party shall notify the opposing party, or designating non- party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e)     any authors or recipients of the Confidential Information;

(f)     the Court, Court personnel, and court reporters; and

(g)     witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the

Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material

shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)      the party or non-party claiming that the material is Confidential Information withdraws such designation in writing; or

(b)      the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)      the Court rules the material is not confidential.

10.      All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or

(b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13.     Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED:  Honolulu, Hawaiʻi, October 31, 2016.


/s/ Dane Anderson
_____
J. STEPHEN STREET
DANE ANDERSON

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR and
VINCENT SCOTT TYLOR


DATED:  Honolulu, Hawaiʻi, November 1, 2016.

/s/ Randall C. Whattoff
RANDALL C. WHATTOFF
KAMALA S. HAAKE

Attorneys for Defendants
FOUR SEASONS HOTELS LIMITED,
3900 WA ASSOCIATES, LLC dba
FOUR SEASONS RESORT MAUI AT
WAILEA and HUALALAI INVESTORS, LLC

APPROVED AND SO ORDERED.

DATED AT HONOLULU, HAWAII, NOVEMBER 2, 2016.



Richard L. Puglisi
United States Magistrate Judge

Tylor, et al. v. Four Seasons Hotels Limited, et al., Civil No. 16-00177 ACK-RLP,
STIPULATED PROTECTIVE ORDER

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated_____, in_____, Civil No. _____. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: _____.


_____

**EXHIBIT A**